```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED MINE WORKERS OF AMERICA
INTERNATIONAL UNION and
UNITED MINE WORKERS OF AMERICA,
LOCAL UNION 1702,**

    **Plaintiffs/Counter-
    Defendants,**

**v.**                                          **Civil Action No. 1:18-cv-126
                                                       (Judge Kleeh)**

**THE MONONGALIA COUNTY COAL COMPANY,**

    **Defendant/Counter-
    Claimant.**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

Pending before the Court are cross motions for summary judgment filed by the United Mine Workers of America, International Union, and the United Mine Workers of America, Local Union 1702 (together, the "Union" or "Plaintiffs"), and the Monongalia County Coal Company ("Defendant"). For the reasons discussed below, the Court denies Plaintiffs' motion and grants Defendant's motion.

## I.    <u>PROCEDURAL HISTORY</u>

On June 4, 2018, Plaintiffs brought this action against Defendant, seeking to vacate an arbitration award. The Honorable Irene M. Keeley, United States District Judge, ordered the parties to submit a joint stipulated record, cross motions for summary judgment, and response briefs. Defendant filed an Answer and

UMWA V. MCCC                                                1:18-CV-126

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

counterclaim against Plaintiffs. The case was transferred to the Honorable Thomas S. Kleeh, United States District Judge, on December 1, 2018. The parties have filed their cross motions for summary judgment, which are now ripe for consideration.

## II.   FACTUAL BACKGROUND

Defendant operates the Monongalia County Mine, an underground coal mine in West Virginia and Pennsylvania. ECF No. 1 at ¶ 4. Plaintiffs represent Defendant's bargaining unit employees for purposes of collective bargaining. Id. ¶ 3. The collective bargaining agreement that governs this relationship is the 2016 National Bituminous Coal Wage Agreement ("NBCWA"). Id. ¶ 5. The NBCWA establishes work jurisdiction of union-represented employees and provides restrictions on Defendant's ability to contract out this work. Id. ¶ 6.

The dispute at issue involves work performed at the Monongalia County Mine on November 12, 2017. Id. ¶ 9. On that day, Defendant used non-bargaining unit personnel to perform repair and maintenance work at the mine. Id. On December 6, 2017, the Union filed a grievance, alleging that Defendant violated Article IA of the NBCWA because the work performed by contractors was reserved for bargaining unit employees. Id. ¶ 10. The Union sought "lost

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

wages for 11/11/17 and [for] this practice to cease and [to] be made whole in all ways." Id.

On February 8, 2018, the parties had a hearing before Arbitrator William A. Babiskin (the "Arbitrator"). Id. ¶ 11. In his award, the Arbitrator discusses general principles of contract interpretation. ECF No. 1-1 at 3-4. He also discusses, generally, that employers retain managerial rights under the NBCWA, including the right to schedule work. Id. at 4. The Arbitrator found that because there was no monetary loss by the grievants, "there [was] nothing to be remedied" and, therefore, denied the grievance. Id. at 6. The Arbitrator chose not to address the substantive issue of whether a violation occurred, finding it unnecessary because the lack of monetary loss meant that there would be no award. Id. at 5. Specifically, the Arbitrator wrote that he "strongly believe[s] in the principle of 'no harm, no foul,'" and that "[i]t is not necessary to decide the issues raised by the parties as there was no financial loss to the employees in this case." Id.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court

UMWA V. MCCC                                                  1:18-CV-126

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317–18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### IV.  GOVERNING LAW

This Court may review labor arbitrators' decisions under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, but this power of review is "extremely limited." Cannelton Indus., Inc. v. Dist. 17, UMWA, 951 F.2d 591, 593 (4th Cir. 1991). This is because "[t]he parties to a collective bargaining agreement bargained for the arbitrator's interpretation, and 'so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation . . . is different

**UMWA V. MCCC**  1:18-CV-126

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

from his.'" Island Creek Coal Co. v. Dist. 28, UMWA, 29 F.3d 126, 129 (4th Cir. 1994) (citing United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599 (1960)). The Supreme Court of the United States, in the "Steelworkers Trilogy,"[1] has "emphasized that federal courts should refuse to review the merits of an arbitration award under a collective bargaining agreement." Mutual Mining, Inc. v. Dist. 17, UMWA, 47 F.3d 1165, at *2 (4th Cir. 1995) (unpublished). Both an arbitrator's findings of fact and interpretation of the law are accorded great deference. Upshur Coals Corp. v. UMWA, Dist. 31, 933 F.2d 225, 229 (4th Cir. 1991). In addition, "[t]he selection of remedies is almost exclusively within the arbitrator's domain." Cannelton, 951 F.2d at 593-54 (citing United Paperworkers Int'l Union v. Misco, 484 U.S. 29 (1987)).

Still, there are some limitations on arbitration awards. The award "must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." Misco, 484 U.S. at 38. In addition, an arbitrator may not "impose a punitive award or punitive damages" unless a provision in the

---

[1] The Steelworkers Trilogy includes the following cases: United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); and United Steelworkers of America v. American Mfg. Co., 363 U.S. 564 (1960).

UMWA V. MCCC                                             1:18-CV-126

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

collective bargaining agreement provides for them. Island Creek, 29 F.3d at 129 (citing Cannelton, 951 F.2d at 594). In deciding whether an award is punitive or whether it draws its essence from the agreement, courts should be mindful that arbitrators "need not give their reasons for an award," but courts may rely on arbitrators' reasoning to determine whether the arbitrator has applied "his own brand of industrial justice." Cannelton, 951 F.2d at 594.

In reviewing arbitration awards, courts "must be concerned not to broaden the scope of judicial review of arbitration decisions nor to lengthen a process that is intended to resolve labor disputes quickly." Id. at 595; see also Upshur Coals Corp., 933 F.2d at 231 (writing that "[l]abor arbitration serves the important goal of providing swift resolution to contractual disputes"). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Dist. 30, UMWA v. Agipcoal USA, Inc., 889 F.2d 1087, at *2 (6th Cir. 1989) (unpublished) (citing Misco, 484 U.S. at 38).

As the Fourth Circuit has written, "Above all, we must determine only whether the arbitrator did his job — not whether he

UMWA V. MCCC                                                    1:18-CV-126

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

did it well, correctly, or reasonably, but simply whether he did it." Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union, 76 F.3d 606, 608 (4th Cir. 1996). In this determination, the Court considers "(1) the arbitrator's role as defined by the CBA; (2) whether the award ignored the plain language of the CBA; and (3) whether the arbitrator's discretion in formulating the award comported with the essence of the CBA's proscribed limits." Id. Furthermore, "the arbitrator must take into account any existing common law of the particular plant or industry, for it is an integral part of the contract." Norfolk Shipbuilding & Drydock Corp. v. Local No. 684, 671 F.2d 797, 799–800 (4th Cir. 1982). The common law, as described above, does not allow the arbitrator to impose punitive damages unless they are provided for in the agreement. See Cannelton, 951 F.2d at 594).

## V.  ANALYSIS

### A.  The Parties' Contentions

Plaintiffs argue that the arbitration award fails to draw its essence from the NBCWA. They believe the Arbitrator did not consider the evidence and arguments presented by the parties and ignored the issues presented, including, mainly, whether there was a violation. Furthermore, they argue, the principle of "no harm, no foul," which the Arbitrator cited, appears nowhere in the NBCWA.

7

UMWA V. MCCC                                                        1:18-CV-126

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

Plaintiffs point out that the Arbitrator did not cite to, analyze, or reference any of the grievance settlements or arbitration decisions that were submitted to him for review. They believe the Arbitrator exceeded his authority by applying a non-contractual standard to the dispute and applying his own notions of industrial justice.

Defendant argues that the award should be upheld because it draws its essence from the NBCWA. The NBCWA, it argues, does not provide for punitive damages, and the grievants did not suffer economic loss, so no monetary award is appropriate. Defendant believes the "no harm, no foul" phrase is simply an informal restatement of this concept. Defendant argues that the NBCWA requires only that an arbitrator "conduct a hearing, . . . hear testimony, receive evidence, and consider arguments" before rendering a decision. The Arbitrator, Defendant argues, complied with these requirements.

B.  **Review of the Arbitrator's Award**

This Court recognizes its limited role in deciding arbitration disputes. As discussed above, an arbitration award is entitled to great deference. Plaintiffs' concern with the award's "no harm, no foul" language is misplaced. First, Plaintiffs ignore the Award's summary of applicable doctrine. Second, the NBCWA

**UMWA V. MCCC** 1:18-CV-126

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

incorporates the common law rule[2] that monetary awards in the absence of compensatory damages are improper. While it is true that "no harm, no foul" does not appear in the NBCWA, and the Court is inclined to agree that the Arbitrator could have used more artful language, the language used was clearly an effort to summarize long-standing applicable law. The NBCWA does not provide for punitive damages. Thus, the Arbitrator analyzed the contract itself, applied long-standing legal principles, and did not apply his own brand of industrial justice.

Further, Plaintiffs' reliance on Monongalia County Coal Co. v. UMWA, 234 F.Supp.3d 797 (N.D.W. Va. 2017), is unpersuasive. In that case, the Court analyzed the arbitrator's decision whether the work at issue was "construction" work or "repair" work. If construction, the Company could have contracted out the work, but if repair, it could not (aside from limited exceptions). The Court ultimately found that the arbitrator misapplied prior arbitral decisions and incorrectly classified the work. Further, the Court found that it was not necessary to calculate damages but noted that had the work been repair work, the damages drew their essence from the contract. To the contrary, here, the Court is not being

---

[2] As discussed above, the common law is an "integral part of the contract." Norfolk, 671 F.2d at 799-800.

UMWA V. MCCC                                                    1:18-CV-126

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

asked to find that the Arbitrator incorrectly classified the work at issue. In the same vein, the Court has not been asked to analyze the calculation of damages because the Arbitrator did not award any. Therefore, the two cases, while involving the same parties, involve different issues, and Plaintiffs have overly relied on the earlier decision in crafting an argument here.

The Arbitrator here did not ignore issues or fail to undertake analysis. To the contrary, the award outlines the issues, summarizes the evidence and the record, and provides the Arbitrator's findings. The Court's role is to decide whether the Arbitrator did his job, not whether he did it well or whether the Court would have done it differently. See Mountaineer Gas, 76 F.3d at 608. Stating the governing law broadly, there is no doubt that the Arbitrator was "arguably" applying the contract. See Misco, 484 U.S. at 38. The arbitration award issued here is entitled to significant deference, and the Court will not substitute its own judgment based on Plaintiffs' preference for an arbitration award with a less-casual statement of a long-standing legal principle.

## VI. CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Summary Judgment is **DENIED** [ECF No. 12], and Defendant's Motion for Summary Judgment is **GRANTED** [ECF No. 11]. The arbitration award

UMWA V. MCCC                                                   1:18-CV-126

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

is **CONFIRMED**. It is further **ORDERED** that this action be and hereby is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this memorandum opinion and order to counsel of record.

DATED: August 8, 2019

*/s/ Tom S Kleeh*
_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE